

FILED
2015 Aug-19  AM 08:35
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **FELICIA A. COOKS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO:** |
| ) | |
| **ALLY FINANCIAL INC.; UNITED** ) | |
| **AUTO DELIVERY AND RECOVERY,** ) | |
| **INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## PLAINTIFF'S COMPLAINT

**COMES NOW** the Plaintiff, Felicia A. Cooks, in the above-styled cause and for her

Complaint against the Defendants states the following:

## PARTIES

1.    The Plaintiff, Felicia A. Cooks ("Cooks") is a resident and citizen of the state of Alabama,

Jefferson County, and is over the age of twenty-one (21) years.

2.    The Defendant, Ally Financial Inc. formerly known as GMAC ("Ally"), is a foreign corporation

and was, in all respects and at all times relevant herein, doing business in the state of Alabama,

and is registered to do business in Alabama.

3.    The Defendant, United Auto Delivery and Recovery, Inc. ("UAR"), is a foreign corporation and

was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is

registered to do business in Alabama.  The Defendant is engaged in the business of collecting

consumer debts by using non-judicial self-help action in the repossession of automobiles from

consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the

FDCPA 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

4.      This Court has jurisdiction under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, § 1332, and §

1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides

here.

## FACTUAL ALLEGATIONS

5.      In 2009, Plaintiff purchased a 2003 Chevrolet Impala VIN 2G1WF52E539186412 ("the

Vehicle").

6.      At the time of purchase, Plaintiff contracted with Defendant Ally, then known as GMAC, to

provide financing for the Vehicle.  As a result, Ally held a security interest and title lien on the

Vehicle.

7.      On or about November 11, 2009, Plaintiff filed for Chapter 13 protection under the United States

Bankruptcy Court.

8.      Plaintiff was ineligible to enter a plan that ultimately resulted in a discharge of her debts due to

receiving an earlier Chapter 7 discharge.  However, Plaintiff's petition allowed her to pay her

debts under the supervision of the Bankruptcy Court.

9.      As part of her petition, Plaintiff included the debt owed to Defendant Ally for the Vehicle and

proposed to pay 100% of the secured debt.

10.     Ally received notice of the petition and did not object.

11.     On March 1, 2010, the Bankruptcy Court confirmed Plaintiff's petition.

12.     Plaintiff made payments as agreed throughout her plan.

13.     On June 5, 2015, the Chapter 13 Standing Trustee confirmed that Plaintiff had made all payments

required for the completion of her plan.

14.     Plaintiff paid 100% of the debt owed to Defendant Ally under the plan.

15.     The Bankruptcy Court closed the case on July 17, 2015.

16.     In August 2015, without notifying Plaintiff of any alleged deficiency, Defendant Ally contracted

with Defendant UAR for the repossession of the Vehicle for an alleged breach of agreement

between Plaintiff and Defendant Ally.

17.     In August 2015, Defendant UAR executed the repossession via non-judicial self-help means and

still maintains possession of the Vehicle without a present right of possession.

18.     The repossession was executed and initiated by Defendant Ally with full knowledge that the

Plaintiff had fully satisfied her debt to Defendant Ally through the bankruptcy plan.

## COUNT ONE
## NEGLIGENCE CLAIM AGAINST DEFENDANT ALLY

19.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

20.     The Defendant Ally was under a duty to implement reasonable procedures in dealing with post

Chapter 13 bankruptcy customers/debtors and consumers/debtors paying it under the supervision

of a Bankruptcy Court.

21.     The Defendants breached that duty by repossessing the Vehicle after accepting all payments

under the plan.

22.     As a proximate cause of Defendant Ally's negligence, the Plaintiff has been deprived of the

Vehicle, has incurred expenses for alternate transportation, and has suffered extreme

embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.

## COUNT TWO
## WANTONNESS CLAIM AGAINST DEFENDANT ALLY

23.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

24.     Defendant Ally, with reckless disregard of the natural or probable consequences of its actions, acted in a manner that resulted in the unlawful repossession of the Vehicle.

25.     Defendant Ally knew, or should have known, that its actions would likely or probably result in injuries such as those sustained by Plaintiff.

26.     As a proximate cause of Defendant Ally's wantonness, the Plaintiff has been deprived of the Vehicle, has incurred expenses for alternate transportation, and has suffered extreme embarrassment, shame, anxiety, and metal distress, and other physical and mental damages.


**COUNT TWO**
**CONVERSION CLAIM AGAINST DEFENDANTS ALLY AND UAR**

27.     The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

28.     The Defendants Ally and UAR did not have a present and immediate right of possession of the Vehicle at the time of repossession.

29.     Without the Plaintiff's consent, the Defendants intentionally deprived the Plaintiff of her rightful possession of the Vehicle.

30.     At all times relevant hereto, the Defendants acted with malice, recklessness, and total and deliberate disregard for the contractual and personal rights of the Plaintiff.

31.     As a result of the Defendants conduct, the Plaintiff has been deprived of her Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.


**COUNT THREE**
**BREACH OF CONTRACT AGAINST DEFENDANT ALLY**

4

32.    The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

33.    Defendant Ally breached the agreement between it and the Plaintiff by repossessing the Vehicle without a present right to do so.

34.    As a result of this breach, the Plaintiff has been deprived of her Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.


**COUNT FOUR**
**NEGLIGENT TRAINING AND SUPERVISION AGAINST DEFENDANT ALLY**

35.    The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

36.    Defendants Ally knew or should have known the status of the Vehicle, including the fully paid Chapter 13 plan, which it did not object to, and the actions herein described which were directed at and visited upon the Plaintiff.

37.    Defendant Ally knew or should have known that said actions were improper.

38.    Defendant Ally negligently failed to train and supervise agents and employees in order to prevent said improper actions.

39.    As a result of Defendant's negligence, the Plaintiff has been deprived of her Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

**COUNT FIVE**
**RECKLESS AND WANTON TRAINING AND SUPERVISION**
**AGAINST DEFENDANT ALLY**

40.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

41.     Defendant Ally knew or should have known the status of the Vehicle, including the fully paid Chapter 13 plan which it did not object to, and the actions herein described which were directed at and visited upon the Plaintiff.

42.     Defendant Ally knew or should have known that said conduct was improper.

43.     Defendant Ally recklessly and wantonly failed to train and supervise agents and employees in order to prevent said improper conduct.

44.     As a result of Defendant Ally's recklessness and wantonness, the Plaintiff has been deprived of her Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT SIX
## VIOLATION OF U.C.C. AGAINST DEFENDANT ALLY

45.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

46.     Defendant Ally improperly repossessed the Vehicle without a present right to take such action.

47.     This conduct violates Alabama Code § 7-9A-101, *et seq.*

48.     As a result of this violation, the Plaintiff has been deprived of his Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

## COUNT SEVEN
## FAIR DEBT COLLECTION PRACTICES ACT CLAIM AGAINST DEFENDANT UAR

49.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if

fully set forth herein.

50.    The Defendant, UAR, engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act.

51.    Defendant, UAR, took non-judicial action to effect dispossession of the Vehicle without a present right of possession in violation of 15 U.S.C. § 1692f(6);

52.    As a result of Defendant UAR's conduct, the Plaintiff has been deprived of her Vehicle, incurred expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal distress, and other physical and mental damages.

### COUNT EIGHT
### INVASION OF PRIVACY AGAINST DEFENDANT UAR

53.    The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

54.    Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, **and to invasions of individual privacy**.

> 15 U.S.C. § 1692(a) (emphasis added).

55.    The Defendant UAR undertook and/or directed actions to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.  Said actions were made in disregard for Plaintiff's right to privacy.

56.    Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy.  The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of UAR.

57.     Said communications constitute the wrongful intrusion into her solitude and seclusion.

58.     As a result of Defendant UAR's conduct, the Plaintiff has been deprived of his Vehicle, incurred

        expenses for alternate transportation, suffered extreme embarrassment, shame, anxiety, metal

        distress, and other physical and mental damages.

## AMOUNT OF DAMAGES DEMANDED

        **WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the

Defendants as follows:

59.     Compensatory and punitive damages against the Defendants;

60.     Remedies available against Defendant Ally under Alabama Code §7-9A-625, and any other

        statutory damages under the UCC;

61.     Remedies available under the FDCPA against Defendant UAR, including statutory damages,

        costs and attorneys' fees and any other compensatory damages pursuant to 15 U.S.C.§1692k;

        and,

62.     Such other and further relief that this Court deems necessary, just and proper.

## PLAINTIFF DEMANDS TRIAL BY STRUCK JURY

                                        /S/ W. WHITNEY SEALS
                                        W. WHITNEY SEALS
                                        Attorney for Plaintiff

**OF COUNSEL:**
**PATE & COCHRUN, LLP**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
whitney@plc-law.com

8

/S/ JOHN C. HUBBARD_____
JOHN C. HUBBARD
ASB-8252-H46H
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com